Robert J. Artuz (SBN 227789)
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
Email: *rartuz@kilpatricktownsend.com*

Benjamin M. Kleinman-Green (SBN 261846)
KILPATRICK TOWNSEND & STOCKTON LLP
Eighth Floor
Two Embarcadero Center
San Francisco, CA, 94111
Telephone: (415) 576 0200
Facsimile: (415) 576 0300
Email: *bkleinman-green@kilpatricktownsend.com*

Susan A. Cahoon (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: *scahoon@kilpatricktownsend.com*

Attorneys for Defendant and Counterclaim Plaintiff
AIRWATCH LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION AND GOOD TECHNOLOGY SOFTWARE, INC.<br><br>Plaintiff,<br><br>v.<br><br>AIRWATCH LLC,<br><br>Defendant. | Civil Action No. C-12-05827 EJD<br><br>**DEFENDANT AIRWATCH LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS GOOD TECHNOLOGY CORPORATION AND GOOD TECHNOLOGY SOFTWARE, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** |



ANSWER TO COMPLAINT AND COUNTERCLAIM - 1 -
CASE NO. C-12-05827 EJD

Defendant AirWatch LLC ("AirWatch") hereby submits its Answer, Affirmative Defenses, and Counterclaim to the Complaint for patent infringement filed on November 14, 2012, by Plaintiffs Good Technology Corporation and Good Technology Software, Inc. (collectively, "Good").

## ANSWER

## NATURE OF THE ACTION

1. AirWatch denies that it has infringed any of Good's intellectual property rights. AirWatch lacks knowledge or information sufficient to ascertain the truth of the remaining allegations in paragraph 1 of the Complaint and therefore denies them.

2. AirWatch lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

3. AirWatch lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 3 of the Complaint and therefore denies them.

4. AirWatch lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 4 of the Complaint and therefore denies them.

5. AirWatch lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 5 of the Complaint and therefore denies them.

6. AirWatch denies that it has imitated or copied any of Good's ideas, products, services, or alleged inventions. AirWatch further denies that it has infringed any of Good's intellectual property rights. AirWatch lacks knowledge or information sufficient to ascertain the truth of the remaining allegations in paragraph 6 of the Complaint and therefore denies them.

7. AirWatch denies that it has imitated or copied any of Good's ideas, products, services, or alleged inventions. AirWatch further denies that it has infringed any of Good's intellectual property rights. AirWatch further denies that it has used any of Good's technology or product offerings in place of pursuing its own independent product development. AirWatch denies any other allegations in paragraph 7 of the Complaint.

## PARTIES

8. AirWatch lacks knowledge or information sufficient to ascertain the truth of the



allegations in paragraph 8 of the Complaint and therefore denies them.

9. AirWatch admits the allegations in paragraph 9 of the Complaint.

10. AirWatch admits that it has conducted business in California and elsewhere in the United States. AirWatch denies the remaining allegations in paragraph 10 of the Complaint.

**JURISDICTION AND VENUE**

11. AirWatch admits that this is an action under the patent laws of the United States of America, 35 U.S.C. §§ 1, et seq. and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). AirWatch denies any other allegations in paragraph 11 of the Complaint.

12. AirWatch admits that it has conducted business within the State of California. AirWatch does not dispute that it is subject to the personal jurisdiction of this Court. AirWatch denies any other allegations in paragraph 12 of the Complaint.

13. AirWatch does not dispute that venue is proper in this judicial district. AirWatch denies any other allegations in paragraph 13 of the Complaint.

14. AirWatch admits that it develops, markets, and sells (or licenses) a software product and service called AirWatch® for enterprise management of mobile devices ("AirWatch Software"). AirWatch further admits that its AirWatch Software is offered for sale (or license) and sold (or licensed) in California, including in the Northern District of California, and elsewhere in the United States. AirWatch denies any other allegations in paragraph 14 of the Complaint.

15. AirWatch admits that it uses a website, air-watch.com, to market its AirWatch Software in California (including in the Northern District) and that its website enables users to inquire about and receive information and product support. AirWatch further admits that its website also allows residents of California and this judicial district to search for and apply for employment positions with AirWatch. AirWatch denies any other allegations in paragraph 15 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

16. AirWatch denies that it has committed acts of patent infringement. AirWatch admits that this action is assigned on a district-wide basis under Civil L.R. 3-2(c). AirWatch



ANSWER TO COMPLAINT AND COUNTERCLAIM - 2 -
CASE NO. C-12-05827 EJD

1  denies any other allegations in paragraph 16 of the Complaint.

2  **GENERAL ALLEGATIONS**

3  17.  AirWatch admits that Exhibit A appears to be a copy of U.S. Patent No. 6,151,606
4  ("'606 Patent"), entitled *System and Method for Using a Workspace Data Manager to Access,*
5  *Manipulate and Synchronize Network Data*. AirWatch further admits that Exhibit A states on its
6  face that the '606 Patent was issued on November 21, 2000 and that the named inventor is Daniel
7  J. Mendez. AirWatch further admits that Exhibit B appears to be a copy of the Reexamination
8  Certificate of the '606 Patent. AirWatch denies that the '606 Patent was duly and legally issued.
9  AirWatch further denies that the Reexamination Certificate for the '606 Patent was duly and
10 legally issued. AirWatch lacks knowledge or information sufficient to admit or deny the other
11 allegations in paragraph 17 of the Complaint and therefore denies them.

12 18.  AirWatch admits that Exhibit C appears to be a copy of U.S. Patent No. 7,702,322
13 ("'322 Patent"), entitled *Method and System for Distributing and Updating Software in Wireless*
14 *Devices*. AirWatch further admits that Exhibit C states on its face that the '322 Patent was issued
15 on April 20, 2010 and that one of the named inventors is Sanjiv Maurya. AirWatch denies that the
16 '322 Patent was duly and legally issued. AirWatch lacks knowledge or information sufficient to
17 admit or deny the other allegations in paragraph 18 of the Complaint and therefore denies them.

18 19.  AirWatch admits that Exhibit D appears to be a copy of U.S. Patent No. 7,970,386
19 ("'386 Patent"), entitled *System and Method for Monitoring and Maintaining a Wireless Device*.
20 AirWatch further admits that Exhibit D states on its face that the '386 Patent was issued on June
21 28, 2011 and that one of the named inventors is Sathyanarayana Pattavayal Bhat. AirWatch denies
22 that the '386 Patent was duly and legally issued. AirWatch lacks knowledge or information
23 sufficient to admit or deny the other allegations in paragraph 19 of the Complaint and therefore
24 denies them.

25 20.  AirWatch admits that Exhibit E appears to be a copy of U.S. Patent No. 8,012,219
26 ("'219 Patent"), entitled *System and Method for Preventing Access to Data on a Compromised*
27 *Remote Device*. AirWatch further admits that Exhibit E states on its face that the '219 Patent was
28 issued on September 6, 2011 and that one of the named inventors is Daniel Mendez. AirWatch



ANSWER TO COMPLAINT AND COUNTERCLAIM        - 3 -
CASE NO. C-12-05827 EJD

1  denies that the '219 Patent was duly and legally issued. AirWatch lacks knowledge or information
2  sufficient to admit or deny the other allegations in paragraph 20 of the Complaint and therefore
3  denies them.

**Count 1: Alleged Infringement of U.S. Patent No. 6,151,606**

21. AirWatch restates its responses to the allegations set forth in the foregoing paragraphs and incorporates them by reference.

22. AirWatch admits that it makes, uses, sells (or licenses), offers for sale (or license), supplies, and/or distributes its AirWatch Software in the United States. AirWatch also admits that it sells (or licenses), offers for sale (or license), supplies, and/or distributes its AirWatch Software to customers outside the United States. AirWatch denies any other allegations in paragraph 22 of the Complaint.

23. AirWatch denies the allegations in paragraph 23 of the Complaint.

24. AirWatch admits that Good provided AirWatch with notice of the '606 Patent at least as early as the date of service of the Complaint. AirWatch denies any other allegation in paragraph 24 of the Complaint.

25. AirWatch admits that it has had knowledge of the '606 Patent since at least as early as the date of service of the Complaint. AirWatch denies any other allegations in paragraph 25 of the Complaint.

26. AirWatch denies the allegations of paragraph 26 of the Complaint.

27. AirWatch denies the allegations of paragraph 27 of the Complaint.

**Count 2: Alleged Infringement of U.S. Patent No. 6,702,322**

28. AirWatch restates its responses to the allegations set forth in the foregoing paragraphs and incorporates them by reference.

29. AirWatch admits that it makes, uses, sells (or licenses), offers for sale (or license), supplies, and/or distributes its AirWatch Software in the United States. AirWatch also admits that it sells (or licenses), offers for sale (or license), supplies, and/or distributes its AirWatch Software to customers outside the United States. AirWatch denies the allegations in paragraph 29 of the Complaint.



ANSWER TO COMPLAINT AND COUNTERCLAIM                                           - 4 -
CASE NO. C-12-05827 EJD

30. AirWatch denies the allegations in paragraph 30 of the Complaint.

31. AirWatch admits that Good provided AirWatch with notice of the '322 Patent at least as early as the date of service of the Complaint. AirWatch denies any other allegation in paragraph 31 of the Complaint.

32. AirWatch admits that it has had knowledge of the '322 Patent since at least as early as the date of service of the Complaint. AirWatch denies any other allegations in paragraph 32 of the Complaint.

33. AirWatch denies the allegations of paragraph 33 of the Complaint.

34. AirWatch denies the allegations of paragraph 34 of the Complaint.

**Count 3: Alleged Infringement of U.S. Patent No. 7,970,386**

35. AirWatch restates its responses to the allegations set forth in the foregoing paragraphs and incorporates them by reference.

36. AirWatch admits that it makes, uses, sells (or licenses), offers for sale (or license), supplies, and/or distributes its AirWatch Software in the United States. AirWatch also admits that it sells (or licenses), offers for sale (or license), supplies, and/or distributes its AirWatch Software to customers outside the United States. AirWatch denies the allegations in paragraph 36 of the Complaint.

37. AirWatch denies the allegations in paragraph 37 of the Complaint.

38. AirWatch admits that Good provided AirWatch with notice of the '386 Patent at least as early as the date of service of the Complaint. AirWatch denies any other allegation in paragraph 38 of the Complaint.

39. AirWatch admits that it has had knowledge of the '386 Patent since at least as early as the date of service of the Complaint. AirWatch denies any other allegations in paragraph 39 of the Complaint.

40. AirWatch denies the allegations of paragraph 40 of the Complaint.

41. AirWatch denies the allegations of paragraph 41 of the Complaint.

**Count 4: Alleged Infringement of U.S. Patent No. 8,012,219**

42. AirWatch restates its responses to the allegations set forth in the foregoing



ANSWER TO COMPLAINT AND COUNTERCLAIM - 5 -
CASE NO. C-12-05827 EJD

paragraphs and incorporates them by reference.

43. AirWatch admits that it makes, uses, sells (or licenses), offers for sale (or license), supplies, and/or distributes its AirWatch Software in the United States. AirWatch also admits that it sells (or licenses), offers for sale (or license), supplies, and/or distributes its AirWatch Software to customers outside the United States. AirWatch denies the allegations in paragraph 43 of the Complaint.

44. AirWatch denies the allegations in paragraph 44 of the Complaint.

45. AirWatch admits that Good provided AirWatch with notice of the '219 Patent at least as early as the date of service of the Complaint. AirWatch denies any other allegation in paragraph 45 of the Complaint.

46. AirWatch admits that it has had knowledge of the '219 Patent since at least as early as the date of service of the Complaint. AirWatch denies any other allegations in paragraph 46 of the Complaint.

47. AirWatch denies the allegations of paragraph 47 of the Complaint.

48. AirWatch denies the allegations of paragraph 48 of the Complaint.

## DENIAL OF ANY REMAINING ALLEGATIONS

49. Except as specifically admitted, AirWatch denies all allegations in the Complaint.

## RESPONSE TO GOOD'S PRAYER FOR RELIEF (PARAGRAPHS A–L)

50. AirWatch denies that Good is entitled to any relief from AirWatch. Good's prayer should be denied in its entirety and with prejudice. Good should take nothing from AirWatch, and AirWatch should be awarded its attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

51. Without admitting or acknowledging that it bears the burden of proof as to any of them, AirWatch asserts the following affirmative and other defenses.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

52. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE: NON-INFRINGEMENT

53. AirWatch does not infringe, and has not infringed, any claim of any of the '606



ANSWER TO COMPLAINT AND COUNTERCLAIM - 6 -
CASE NO. C-12-05827 EJD

1  Patent, the '322 Patent, the '386 Patent, and the '219 Patent (collectively, "Patents-in-Suit"), either
2  literally or under the doctrine of equivalents, nor has AirWatch actively induced or contributed to
3  any infringement of the Patents-in-Suit.

### THIRD DEFENSE: INVALIDITY

54. Some or all of the claims of the Patents-in-Suit are invalid under one or more provisions Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, 112, and/or 256 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or obvious in view of the prior art; and/or is unsupported by the written description of the patented invention; and no claim of those patents can be validly construed to cover any of AirWatch's products or services.

### FOURTH DEFENSE: PROSECUTION ESTOPPEL

55. Those involved in the prosecution of the patent applications that led to the Patents-in-Suit have taken certain positions or done certain acts before the United States Patent and Trademark Office ("USPTO") during the prosecution of the Patents-in-Suit to achieve allowances of the claims of the Patents-in-Suit that estop or preclude Good from contending that AirWatch has infringed any of those claims.

### FIFTH DEFENSE: NOTICE AND MARKING

56. To the extent that any of Good, licensees of the Patents-in-Suit, and any predecessors-in-interest in the Patents-in-Suit failed to properly mark relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that AirWatch's actions allegedly infringed the Patents-in-Suit, AirWatch is not liable to Good for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

### SIXTH DEFENSE: LIMITATIONS ON DAMAGES

57. Good's damages, if any, against AirWatch are statutorily limited by 35 U.S.C. § 286.

### SEVENTH DEFENSE: LIMITATIONS ON COSTS

58. Good is barred from recovering costs in connection with this action under 35 U.S.C. § 288.



ANSWER TO COMPLAINT AND COUNTERCLAIM                                                    - 7 -
CASE NO. C-12-05827 EJD

## EIGHTH DEFENSE: LACK OF KNOWLEDGE

59. To the extent that Good asserts that AirWatch indirectly infringes, either by contributory infringement or inducement of infringement, AirWatch cannot be liable to Good for the acts alleged to have been performed before AirWatch had knowledge of any of the patents-in-suit or that its actions would cause infringement of one or more of those patents.

## NINTH DEFENSE: EXHAUSTION

60. Good's attempted enforcement of the Patents-in-Suit against AirWatch is barred in whole or in part by one or more of (1) express or implied license, (2) release, and (3) patent exhaustion.

## TENTH DEFENSE: WAIVER, LACHES, AND ESTOPPEL

61. Some or all of Good's claims are barred by one or more of the equitable doctrines of waiver, laches, and/or estoppel.

## ELEVENTH DEFENSE: NO IRREPARABLE HARM

62. Good is not entitled to any injunctive relief as demanded because the injury allegedly incurred by Good is neither immediate nor irreparable. In the event Good is found to have suffered any damage, Good has adequate remedies at law.

63. In the Complaint, Good admits its willingness to license its technology and admits that it has licensed its technology.

## TWELFTH DEFENSE: GOVERNMENT SALES

64. To the extent that AirWatch's products or services have been made for, used by, sold or licensed to, or offered for sale or license to, the United States government, Good is precluded from any remedy in this action and may seek relief only by action against the United States under 26 U.S.C. § 1498.

## ADDITIONAL AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

65. Good has not set out its claims with sufficient particularity to permit AirWatch to raise all appropriate affirmative defenses. AirWatch has not knowingly or intentionally waived any applicable affirmative defenses, and AirWatch reserves the right to assert and to rely upon additional affirmative defenses not stated here, including such other defenses as may become



available or apparent during discovery of this action, and reserves the right to amend this Answer to assert any such defenses.

66. For example, AirWatch reserves the right to raise the defense of failure to join an indispensable party based on information learned in discovery, including but not limited to Good's detailed infringement contentions and theories. AirWatch also reserves the right to add additional parties and/or claims based on information learned in discovery, including but not limited to Good's detailed infringement contentions and theories.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff AirWatch states as follows:

### PARTIES

1. Counterclaim Plaintiff AirWatch LLC ("AirWatch") is a Delaware limited liability company, with a place of business at 1155 Perimeter Center West, Suite 100, Atlanta, Georgia 30338.

2. Counterclaim Defendants Good Technology Corporation and Good Technology Software, Inc. (collectively, "Good") purport to be Delaware corporations with their principal place of business at 430 N. Mary Ave., Suite 200, Sunnyvale, CA 94085.

### JURISDICTION AND VENUE

3. This Counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. By filing its Complaint, Good has consented to the personal jurisdiction of this Court.

5. Venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1391.

### Count 1: Declaration of Non-Infringement of U.S. Patent No. 6,151,606

6. Good has alleged that AirWatch infringes or has infringed one or more claims of the '606 Patent. AirWatch denies that it infringes or has infringed any valid claim of the '606 patent, either literally or under the doctrine of equivalents.

7. Thus, an actual, substantial controversy regarding the non-infringement of the '606 Patent exists between AirWatch and Good and is of sufficient immediacy and reality to warrant



ANSWER TO COMPLAINT AND COUNTERCLAIM - 9 -
CASE NO. C-12-05827 EJD

1  issuance of a declaratory judgment.

2      8.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and
3  35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that it does not infringe
4  and has not infringed any claims of the '606 Patent.

5      9.    AirWatch is entitled to further necessary or proper relief based on the Court's
6  declaratory judgment or decree.

7  **Count 2: Declaration of Invalidity of U.S. Patent No. 6,151,606**

8      10.    Good has alleged that AirWatch infringes or has infringed one or more claims of
9  the '606 Patent.

10      11.    One or more claims of the '606 Patent are invalid for failure to meet the
11  requirements set forth in Title 35 of the United States Code, including without limitation one or
12  more of 35 U.S.C. §§ 101, 102, 103, and 112.

13      12.    Thus, an actual, substantial controversy regarding the invalidity of the '606 Patent
14  exists between AirWatch and Good and is of sufficient immediacy and reality to warrant issuance
15  of a declaratory judgment.

16      13.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and
17  35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that the '606 Patent is
18  invalid.

19      14.    AirWatch is entitled to further necessary or proper relief based on the Court's
20  declaratory judgment or decree.

21  **Count 3: Declaration of Non-Infringement of U.S. Patent No. 6,702,322**

22      15.    Good has alleged that AirWatch infringes or has infringed one or more claims of
23  the '322 Patent. AirWatch denies that it infringes or has infringed any valid claim of the '322
24  Patent, either literally or under the doctrine of equivalents.

25      16.    Thus, an actual, substantial controversy regarding the non-infringement of the '322
26  Patent exists between AirWatch and Good and is of sufficient immediacy and reality to warrant
27  issuance of a declaratory judgment.

28      17.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and



ANSWER TO COMPLAINT AND COUNTERCLAIM     - 10 -
CASE NO. C-12-05827 EJD

35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that it does not infringe and has not infringed any claims of the '322 Patent.

18. AirWatch is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### Count 4: Declaration of Invalidity of U.S. Patent No. 6,702,322

19. Good has alleged that AirWatch infringes or has infringed one or more claims of the '322 Patent.

20. One or more claims of the '322 Patent are invalid for failure to meet the requirements set forth in Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

21. Thus, an actual, substantial controversy regarding the invalidity of the '322 Patent exists between AirWatch and Good and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and 35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that the '322 Patent is invalid.

23. AirWatch is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### Count 5: Declaration of Non-Infringement of U.S. Patent No. 7,970,386

24. Good has alleged that AirWatch infringes or has infringed one or more claims of the '386 Patent. AirWatch denies that it infringes or has infringed any valid claim of the '386 Patent, either literally or under the doctrine of equivalents.

25. Thus, an actual, substantial controversy regarding the non-infringement of the '386 Patent exists between AirWatch and Good and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and 35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that it does not infringe and has not infringed any claims of the '386 Patent.



27. AirWatch is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**Count 6: Declaration of Invalidity of U.S. Patent No. 7,970,386**

28. Good has alleged that AirWatch infringes or has infringed one or more claims of the '386 Patent.

29. One or more claims of the '386 Patent are invalid for failure to meet the requirements set forth in Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

30. Thus, an actual, substantial controversy regarding the invalidity of the '386 Patent exists between AirWatch and Good and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and 35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that the '386 Patent is invalid.

32. AirWatch is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**Count 7: Declaration of Non-Infringement of U.S. Patent No. 8,012,219**

33. Good has alleged that AirWatch infringes or has infringed one or more claims of the '219 Patent. AirWatch denies that it infringes or has infringed any valid claim of the '219 Patent, either literally or under the doctrine of equivalents.

34. Thus, an actual, substantial controversy regarding the non-infringement of the '219 Patent exists between AirWatch and Good and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and 35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that it does not infringe and has not infringed any claims of the '219 Patent.

36. AirWatch is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.



**Count 8: Declaration of Invalidity of U.S. Patent No. 8,012,219**

37. Good has alleged that AirWatch infringes or has infringed one or more claims of the '219 Patent.

38. One or more claims of the '219 Patent are invalid for failure to meet the requirements set forth in Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

39. Thus, an actual, substantial controversy regarding the invalidity of the '219 Patent exists between AirWatch and Good and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and 35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that the '219 Patent is invalid.

41. AirWatch is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**AIRWATCH'S PRAYER FOR RELIEF**

42. AirWatch's respectfully requests that this Court:

A. Dismiss Good's Complaint with prejudice;

B. Enter judgment in favor of AirWatch and against Good;

C. Enter judgment that the '606 Patent is not infringed by AirWatch;

D. Enter judgment that the '606 Patent is invalid, unenforceable, or both;

E. Enter judgment that the '322 Patent is not infringed by AirWatch;

F. Enter judgment that the '322 Patent is invalid, unenforceable, or both;

G. Enter judgment that the '386 Patent is not infringed by AirWatch;

H. Enter judgment that the '386 Patent is invalid, unenforceable, or both;

I. Enter judgment that the '219 Patent is not infringed by AirWatch;

J. Enter judgment that the '219 Patent is invalid, unenforceable, or both;

K. Deny any and all of Good's requests for injunctive relief;

L. Find this case exceptional under 35 U.S.C. § 285 and award AirWatch its



costs and fees, including attorneys' fees, and pre-judgment interest thereon;

M. Grant AirWatch any other and further relief that the Court deems just, equitable, and proper.

**AIRWATCH'S DEMAND FOR JURY TRIAL**

1. AirWatch respectfully demands a trial by jury on all issues so triable.

Dated: January 7, 2013      Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Robert J. Artuz*
    Susan A. Cahoon
    Robert J. Artuz
    Benjamin M. Kleinman-Green

Attorneys for Defendant and Counterclaim Plaintiff
AIRWATCH LLC

415530v1



ANSWER TO COMPLAINT AND COUNTERCLAIM                                                  - 14 -
CASE NO. C-12-05827 EJD