IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AIRWATCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | 1:13-CV-2870-WSD |
| | ) | |
| GOOD TECHNOLOGY | ) | |
| CORPORATION, and GOOD | ) | |
| TECHNOLOGY SOFTWARE, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, the parties submit the following Joint Preliminary Report and Discovery Plan.

**1.     Description of the Case:**

(a)     Describe briefly the nature of this action.

<u>Plaintiff</u>:

Plaintiff AirWatch LLC ("AirWatch") alleges that Good Technology Corporation and Good Technology Software, Inc. (collectively "Good") embarked on a plan and scheme to publish defamatory statements about AirWatch and to disparage AirWatch to its customers, potential customers, business associates and others in the market.  In furtherance of this plan and scheme, Good has published

and continues to publish false and misleading information about AirWatch to the general public on Good's website, in news articles, and in press releases.

AirWatch asserts that Good's public, false statements are defamatory per se because they involve AirWatch's business, and that the statements were published and are still being published, are false, and that Good made the statements with knowledge that they were false and with ill-will toward AirWatch. In addition, AirWatch alleges that Good's conduct constitutes disparagement of goods, services, and of the business of AirWatch, in violation of O.C.G.A. § 10-1-372(a)(8).

Good denies the material allegations of the Complaint and that it is liable to AirWatch on the theories alleged or any other theories.

<u>Defendant</u>:

In November 2012, Good sued AirWatch for patent infringement in federal court in the Northern District of California (the "Patent Infringement Action"). At the time Good filed the action, it made certain public statements about AirWatch's infringement of Good's patents. In response, rather than assert claims of alleged defamation in the Patent Infringement Action, AirWatch filed this separate defamation action against Good using Good's statements to form the basis of its

complaint. The statements made by Good are truthful and are protected by the litigation privilege.

Good has filed a motion to dismiss the state law claims on the grounds that they are compulsory counterclaims to the Patent Infringement Action.

(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

Plaintiff:

On or about November 14, 2012, Good issued a press release directing readers to a page published on Good's website that contained the following statement:  "Instead of pursuing independent product development, AirWatch has chosen to use Good's innovative technology and product offerings, in violation of Good's valuable intellectual property rights."  This statement is false because AirWatch has engaged and continues to engage in independent and innovative product development.

On or about November 14, 2012, Good published a statement on its website alleging that "AirWatch [is] willfully, flagrantly, and improperly using the intellectual property that we have spent hundreds of millions of dollars creating and are simply putting their own name on it . . . AirWatch must cheat to appear competitive."  This statement is false because AirWatch does not need to "cheat"

to remain competitive with Good. To the contrary, AirWatch has consistently developed innovative technology prior to Good. For example, AirWatch independently developed sophisticated software for the iPhone 4 before Good even had access to the iPhone 4 API needed to develop mobile device management software.

In April 2013, Good's Vice President and General Counsel, Ron Vaisbort, published a statement in the National Law Journal alleging that "[AirWatch] embarked on a very obvious decision to essentially copy, reproduce [Good's] solutions." This statement is false because AirWatch did not copy any Good product.

AirWatch alleges that Good's public statements are defamatory per se and violate the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372(a)(8).

<u>Defendant</u>:

On November 14, 2012, Good filed its Complaint for Patent Infringement against AirWatch in the Patent Infringement Action, titled *Good Technology Corporation and Good Technology Software, Inc. v. AirWatch LLC*, in the United States District Court for the Northern District of California, case number 5:12-cv-05827 (EJD), the "Patent Infringement Complaint".

Contemporaneously with filing the Patent Infringement Complaint, Good published statements on its website summarizing the allegations and providing a link to the Patent Infringement Complaint. Subsequently, in an interview with The National Journal, Ron Vaisbort of Good referenced Good's allegations against AirWatch. (Good's statements published on its website and by The National Journal are collectively referred to as the "Patent Infringement Statements.")

The Patent Infringement Statements are mere recitations of Good's allegations in the Patent Infringement Complaint. They are truthful and are protected by the litigation privilege.

(c)     The legal issues to be tried are as follows:

Plaintiff:

1.     Whether Good's statements constitute defamation per se.

2.     Whether Good's conduct constitutes disparagement of the goods, services and business of AirWatch in violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372(a)(8).

3.     Whether AirWatch is entitled to preliminary and permanent injunctive relief.

4.     Whether AirWatch is entitled to punitive damages and attorneys' fees.

5. Whether AirWatch is entitled to nominal and actual damages sustained as a result of Good's actions.

Defendant:

1. Whether AirWatch infringed Good's patents.

2. Whether AirWatch had a willful intent to infringe Good's patents.

3. Whether Good's Patent Infringement Statements are protected by the litigation privilege.

4. Whether Good's Patent Infringement Statements are true.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

Plaintiff: None

Defendant: *Good Technology Corporation and Good Technology Software, Inc. v. AirWatch LLC*, in the United States District Court for the Northern District of California, case number 5:12-cv-05827 (EJD)

(2) Previously Adjudicated Related Cases:

None.

**2.**     This case is complex because it possesses one (1) or more of the features listed below (please check):

<u>Plaintiff</u> does not believe this is a complex case.

<u>Defendant</u> asserts that this case is complex because:

☐ (1)     Unusually large number of parties

☒ (2)     Unusually complex discovery of electronically stored information

☐ (3)     Unusually large number of claims or defenses

☒ (4)     Factual issues are exceptionally complex

☒ (5)     Greater than normal volume of evidence

☒ (6)     Extended discovery period is needed

☐ (7)     Problems locating or preserving evidence

☐ (8)     Pending parallel investigations or action by the government

☒ (9)     Multiple use of experts

☐ (10)   Need for discovery outside United States boundaries

☒ (11)   Existence of highly technical issues and proof

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff</u>: Susan Cahoon, Kilpatrick Townsend & Stockton, LLP, Suite 2800, 1100 Peachtree Street, N.E., Atlanta, GA 30309-4530.

Joel D. Bush, II, Kilpatrick Townsend & Stockton, LLP, Suite 2800, 1100 Peachtree Street, N.E., Atlanta, GA 30309-4530.

Jeffrey H. Fisher, Kilpatrick Townsend & Stockton, LLP, Suite 2800, 1100 Peachtree Street, N.E., Atlanta, GA 30309-4530.

<u>Defendant</u>:

Robert J. Muller, Cypress LLP, 11111 Santa Monica Blvd., Suite 500, Los Angeles, CA 90025.

Jill Wasserman, McKool Smith, P.C., 1201 West Peachtree Street, Suite 3219, Atlanta, Georgia 30309.

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☒ Yes          No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

Plaintiff:  See attached objections.

Defendant:  See attached objections and Motion to Dismiss, Dkt. #4.

**5.     Parties to This Action**

(a)     The following persons are necessary parties who have not yet been joined:

None.

(b)     The following persons are improperly joined as parties:

None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

Good has not yet plead in opposition to the Complaint of AirWatch, and the pleadings have not yet closed.  As such, the parties are not fully informed of the ultimate content of the pleadings.  Nevertheless, the parties do not at this point anticipate that any amendment to the pleadings as ultimately filed will be required.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c)     *Other Limited Motions:*  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:  Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

## 8.     Initial Disclosures:

The parties have agreed to exchange initial disclosures within fourteen (14) days following the Court's denial of AirWatch's Motion to Remand.   (Initial disclosures will be unnecessary if the Motion to Remand is granted.)   The parties reserve the right to supplement their initial disclosures as additional information becomes available during the course of discovery.

## 9.     Request for Scheduling Conference:

Does any party request a scheduling conference with the Court?   If so, please state the issues which could be addressed and the position of each party.

None at this time. Depending on the outcome of the pending motions, Defendant may seek a scheduling conference to determine the appropriate length of the discovery period for this case.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>Plaintiff</u>:

1.    Discovery regarding Good's development of products and technologies.

2.      Discovery regarding any documents or information published by Good about AirWatch.

3.      Discovery regarding Good's development of an automated Enterprise Mobility Management solution.

4.      Discovery regarding Good's development of software to implement a mobile device management solution for the iPhone 4.

5.      Discovery regarding Good's representations about AirWatch to AirWatch customers, potential customers, or business associates.

6.      Discovery regarding any publication of the statements at issue in the Complaint.

<u>Defendant</u>:

1.      Discovery regarding AirWatch's development of products and technologies.

2.      Discovery regarding the technical operation, design, testing, and use of AirWatch's accused instrumentalities, as well as the related source code for the accused instrumentalities.

3.      Discovery regarding AirWatch's marketing, advertisements, customers, customer contracts, sales, and financial information with respect to AirWatch's accued instrumentalities.

4.     Discovery regarding AirWatch's characterizations of Good's products, knowledge of Good, and knowledge of Good's patents;

5.     Discovery regarding the benefits of the inventions claimed in the Good patents-in-suit.

6.     Discovery regarding AirWatch's patent license and settlement agreements.

7.     Discovery regarding any purported non-infringing alternatives to the inventions claimed in the Good patents-in-suit.

8.     Discovery regarding whether AirWatch willfully infringed the patents-in-suit.

**11.     Discovery Limitation:**

(a)     What changes should be made in the limitations on discovery imposed under Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time. The parties reserve the right to seek an extension of the discovery period.

(b)     Is any party seeking discovery of electronically stored information?

____X__ Yes                    _____ No

If "yes,"

(1)     The parties have generally discussed production of electronically stored information (e.g. Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata and have agreed to engage in further discussions concerning the details electronic production.

(2)     Plaintiff asserts that, as a general matter, and subject to amendment on a reasonable basis on account of facts or circumstances learned going forward, the disclosure of the following categories of metadata, to the extent applicable to the produced document, is all that should be required of either party:

Begin Bates
End Bates
Custodian
Date Created
Time Created
Date Sent
Time Sent
Time Received
Date Received
Author
Recipient
CC
BCC
Type
Title
Last Modified Date
Last Accessed Date
Last Printed Date
Last Saved Date
Last Saved By

E-mail Subject
File Name
File Extension
File Type
File Path
Beginning Attachment
Ending Attachment
OCR/Extracted Text

Plaintiff submits that, subject to modification on a reasonable basis on account of facts or circumstances learned going forward, electronically stored information be produced in TIFF format with the foregoing metadata fields extracted before the documents are converted to images, to the extent such data is available, and produced as a database load file. Plaintiff further suggests that the parties agree to consider any request for additional metadata for any specific document that may be produced during discovery. Consent to any such request for additional metadata for any specific document shall not be unreasonably withheld.

Defendant asserts that there is an agreed-upon ESI-discovery plan in the Patent Infringement Action and recommends adoption of that plan in this case. In addition, Defendant asserts the format requirements should not apply to the production of documents that have been produced in prior litigations regarding the instant patents-in-suit, which documents may be produced in the same format as their prior production, except the party receiving the documents reserves the right to request the production of metadata for specific portions of such documents, and,

upon a showing of good cause and to the extent such metadata is reasonably accessible, the producing party shall produce such metadata.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under rule 16(b) and (c)?

The parties believe that a Protective Order may be necessary to protect proprietary and confidential business information of the parties and/or third parties that may be produced during discovery.  If the parties determine that a Protective Order is necessary, they will jointly move the Court to enter a proposed Protective Order.  If the parties cannot come to an agreement on the terms of such an Order, they will separately provide the Court with proposed terms.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 1, 2013, and that they participated in settlement discussions on that date and on a prior date.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:  Lead counsel (signature):  /s/ Joel D. Bush, II
                       Other participants: Jeffrey H. Fisher, Esq.

For defendant:  Lead counsel (signature): /s/ Robert J. Muller
                       Other participants: Laura Premi, Esq.

(b)     All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears there is now:

☐   A possibility of settlement before discovery.

☒   A possibility of settlement after discovery.

☐   A possibility of settlement, but a conference with the judge is needed.

☐   No possibility of settlement.

(c)     Counsel ☒ DO or ☐ DO NOT intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.

(d)     The following specific problems have created a hindrance to settlement of this case:

None.

**14.     Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties ☐ DO consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this __ day of _____, 20__.

(b)    The parties ☒ DO NOT consent to having this case tried before a magistrate judge of this Court.

  /s/ Joel D. Bush, II_____
Joel D. Bush, II
Georgia Bar No. 098775
jbush@kilpatricktownsend.com
Susan A. Cahoon
Georgia Bar No. 102000
scahoon@kilpatricktownsend.com
Jeffrey H. Fisher
Georgia Bar No. 981575
jfisher@kilpatricktownsend.com
KILPATRICK TOWNSEND &
    STOCKTON LLP
Suite 2800 – 1100 Peachtree Street
Atlanta, GA  30309-4530
Phone:  (404) 815-6500
Fax:      (404) 815-6555

Attorneys for Plaintiff AirWatch LLC

  /s/ Robert J. Muller_____
Robert J. Muller
Douglas P. Roy
Cypress LLP
11111 Santa Monica Blvd., Ste. 500
Los Angeles, CA 90025

Jill Wasserman
Georgia Bar No. 739662
jwasserman@mckoolsmith.com
McKool Smith, P.C.
1201 West Peachtree Street
Suite 3219
Atlanta, Georgia 30309

Attorneys for Defendants Good
Technology Corporation, and Good
Technology Software, Inc.

## **SCHEDULING ORDER**

Upon review of information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 201_.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing "JOINT PRELIMINARY REPORT AND DISCOVERY PLAN" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

> Jill Wasserman
> McKool Smith, P.C.
> 1201 West Peachtree Street
> Suite 3219
> Atlanta, Georgia 30309
>
> Robert J. Muller
> Douglas P. Roy
> Cypress LLP
> 11111 Santa Monica Blvd., Ste. 500
> Los Angeles, CA 90025

This 4th day of November, 2013.       /s/ Joel D. Bush II
                                      Joel D. Bush II
                                      Georgia Bar No. 098775

## AIRWATCH LLC'S JURISDICTIONAL OBJECTIONS

Plaintiff AirWatch LLC ("AirWatch") objects to federal jurisdiction in this case and has filed a Motion to Remand. *See* Dkt. No. 5. Good concedes that diversity jurisdiction under 28 U.S.C. § 1441(b) does not exist because both AirWatch and Good are citizens of Delaware and California.

"Arising under" or "substantial question" jurisdiction under 28 U.S.C. § 1441(a) does not exist because issues of federal patent law are not "necessarily raised" by AirWatch's state court defamation and deceptive trade practices claims. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810 (1988); *Flanders Diamond USA, Inc.v. Nat'l Diamond Syndicate, Inc.*, 02 C 4605, 2002 WL 31681474, at *4 (N.D. Ill. Nov. 27, 2002). In addition, "substantial question" jurisdiction does not exist because a patent infringement suit between two parties that is intertwined with a state law cause of action does not present a "substantial question" of federal law that supports exclusive federal jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013); *MDS (Canada) Inc. v. Rad Source Technologies, Inc.*, 720 F.3d 833, 843 (11th Cir. 2013).

# GOOD TECHNOLOGY CORPORATION'S AND GOOD TECHNOLOGY SOFTWARE, INC.'S JURISDICTIONAL OBJECTIONS

Good objects to federal subject matter jurisdiction in this matter and has filed a Motion to Dismiss on this ground. *See* Dkt. #4.

AirWatch's claims are compulsory counterclaims in the Patent Infringement Action. Fed. R. Civ. Proc. 13(a)(1)(A). They should have been asserted in the Northern District of California when AirWatch filed its Answer in February 2013. A district court lacks subject matter jurisdiction over claims that should have been asserted as compulsory counterclaims in another district court action. *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 682 (M.D. Ala. 1998).

Allowing the defamation and patent cases to proceed concurrently serves no judicial purpose, risks duplicative actions and inconsistent outcomes, and rewards AirWatch for its dilatory conduct. At the time it filed its Answer and Counterclaims in the Patent Infringement Action, on January 7, 2013, AirWatch knew, or should have known, about Good's Patent Infringement Statements that were published, according to AirWatch, on November 14, 2012.